IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wallace Lindsey Howell *a/k/a Lindsey Howell*, <br><br> Plaintiff, <br><br> v. <br><br> SoFi Bank, N.A., <br><br> Defendant. | Case No. 6:24-cv-06280-JDA <br><br><br><br> **OPINION AND ORDER** |

This matter is before the Court on Plaintiff's motions to remand and to alter or amend. [Docs. 5; 36.] Plaintiff filed this action pro se alleging violations of state and federal consumer protection laws. [Doc. 1-1.] In accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to Magistrate Judge William S. Brown for pre-trial proceedings.

On December 5, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's motion to remand be granted. [Doc. 18.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 8.] Defendant filed objections to the Report on December 19, 2024, and Plaintiff filed a reply that same day. [Docs. 26; 27.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71

(1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Plaintiff filed this action on June 25, 2024, in the Greenville County Court of Common Pleas. [Doc. 1-1.] On June 26, July 1, July 9, and July 11, 2024, he filed an Amended Complaint, Second Amended Complaint, Third Amended Complaint, and Fourth Amended Complaint. [Docs. 1-2; 1-3; 1-4; 1-5.] Defendant was served with the Fourth Amended Complaint on or about July 22, 2024. [Doc. 1 ¶ 3.] That pleading asserted several causes of action, including, among others, violations of the Truth in Lending Act (the "TILA") and the Equal Credit Opportunity Act (the "ECOA"), based on a $9,000 loan from Defendant that Plaintiff applied for through an online application process. [Doc. 1-5 ¶¶ 4–6, 45–46, 52–55.] On October 24, 2024, Plaintiff's Fifth Amended Complaint was filed in the state court and served on Defendant. [Docs. 1-9; 1-10 at 68–70; *see* Doc. 18 at 2.]

On October 31, 2024, Defendant filed a notice of removal based on diversity jurisdiction.[1]  [Doc. 1.]  In the notice, Defendant stated that it had recently obtained information through discovery from which it could be ascertained that the jurisdictional amount in controversy requirement for diversity jurisdiction was satisfied.  [*Id.* ¶ 8(e); *see id.* ¶ 5.]

On November 5, 2024, Plaintiff filed a motion to remand, asserting that removal was procedurally defective because it was filed outside the mandatory 30-day period set by 28 U.S.C. § 1446(b)(1).  [Docs. 5; 5-1.]  Plaintiff argued that Defendant received the Fifth Amended Complaint on August 30, 2024, and that the Fifth Amended Complaint "explicitly established grounds for federal jurisdiction through multiple claims with quantifiable damages exceeding $75,000."  [Doc. 5-1 at 2–3.]  Accordingly, Plaintiff maintained that Defendant had 30 days from August 30, 2024, to remove the case, and thus removal in November 2024 was untimely.  [*Id.* at 2.]  Defendant opposed the motion, arguing that the Fifth Amended Complaint does "not suggest nor imply that the amount in controversy exceeds $75,000."  [Doc. 15-1 at 4–5.]  Defendant contended that it "had no reason to believe that the amount in controversy could have met or exceeded $75,000 for purposes of diversity jurisdiction until October 30, 2024, when Plaintiff provided [Defendant] the first paper containing any calculation or estimation of his alleged damages."  [*Id.* at 5.]

---

[1] The Report states that the notice of removal was filed on November 1, 2024.  [Doc. 18 at 2.]  Plaintiff argues that the notice of removal was filed on November 4, 2024.  [Doc. 5-1 at 2.]  These differences are immaterial to the issue of whether removal was timely.

3

As stated, the Magistrate Judge recommends granting the motion. [Doc. 18.] The Magistrate Judge did not address Plaintiff's argument that removal was untimely because the Fifth Amended Complaint gave rise to diversity jurisdiction. Instead the Magistrate Judge based his recommendation on an untimeliness theory not raised by the parties. Namely, the Magistrate Judge concluded that Plaintiff served the *Fourth* Amended Complaint on Defendant on July 22, 2024, and that that pleading asserts allegations of violations of federal law—specifically, the TILA and the ECOA—over which this Court has *federal question* jurisdiction. [Doc. 18 at 6.] The Magistrate Judge concluded that Defendant therefore had 30 days from July 22, 2024, within which to remove the action, and thus, Defendant's notice of removal, filed well after the expiration of that period, was untimely.[2] [*Id.* at 6–7.] The Magistrate Judge concluded that neither Defendant's learning of Plaintiff's intention to file the Fifth Amended Complaint nor the actual filing of the Fifth Amended Complaint restarted the 30-day clock. [*Id.* at 5–6 nn. 4, 6.] The Magistrate Judge also recommends denying Plaintiff's request for costs pursuant to 28 U.S.C. § 1447(c). [*Id.* at 7.]

## APPLICABLE LAW

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States

---

[2] The Magistrate Judge concluded that because Plaintiff filed a timely motion to remand based on the fact that removal was untimely, the Court was authorized to consider any reason why remand was untimely and was not limited to the specific reason Plaintiff raised. [*Id.* at 5–6 & n.5.]

4

have original jurisdiction." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* The federal removal statute provides that, with an exception not applicable here,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).

## **DISCUSSION**

Defendant raises multiple objections regarding the Report. Defendant first argues that the Magistrate Judge erred in determining that the Fourth Amended Complaint raises federal questions concerning the TILA and ECOA claims that are sufficient to support federal question jurisdiction.[3] [Doc. 26 at 7–16.] The Court agrees.

Defendant contends, regarding the TILA claim, that the Fourth Amended Complaint asserts a violation of 15 U.S.C. § 1639c(a)(1), but that that statutory section, by its terms, applies only to "residential mortgage loans," and that "the Fourth Amended Complaint does not involve any allegations regarding a residential mortgage loan."

---

[3] Defendant purports to raise four separate objections to the Report, but the second objection, like the first, is based on the premise that the Fourth Amended Complaint does not give rise to federal question jurisdiction, and the third and fourth objections are based on the premise that the timeliness of removal on the basis of diversity jurisdiction is not affected by the existence of federal question jurisdiction. [*Compare* Doc. 26 at 7–14, 16–22 *with id.* at 14–16, 22–24.] As the Court will explain, for purposes of this Order, the Court addresses only Defendant's first two objections.

5

[Doc. 26 at 10–11.]  The Fourth Amended Complaint, while recognizing that the language in the statute pertains to residential mortgage loans, alleges that "the principle of assessing a borrower's ability to repay has been extended to other types of consumer loans through regulations and legal precedents."  [Doc. 1-5 ¶ 21.]  The Court knows of no such regulations or precedents, however.  *See* Patricia A. McCoy & Susan M. Wachter, *Why the Ability-to-Repay Rule Is Vital to Financial Stability*, 108 Geo. L.J. 649, 667 n.104 (2020) ("The ability-to-repay requirements only apply to first- or second-lien closed-end residential mortgage loans that are made for consumer purposes and are secured by a dwelling." (citing 12 C.F.R. § 1026.43(a) (2019)).

Federal question jurisdiction cannot be manufactured "merely by citing to a federal law that plainly does not apply."  *Whatley v. City of N. Charleston*, No. 2:23-516-SAL-PJG, 2023 WL 3440690, at *2 (D.S.C. Mar. 9, 2023), *Report and Recommendation adopted by* 2023 WL 3433429 (D.S.C. May 12, 2023), *aff'd*, No. 23-1538, 2023 WL 6972448 (4th Cir. Oct. 23, 2023); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) ("Dismissal for lack of subject-matter jurisdiction because of the inadequacy of [a] federal claim is proper only when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." (internal quotation marks omitted)).  Accordingly, the Court agrees with Defendant's objection that the inclusion of the TILA claim in the Fourth Amended Complaint would have been insufficient to establish federal question jurisdiction or support removal based on such jurisdiction.

Defendant similarly argues that, although Plaintiff purported to assert a claim under the ECOA, that claim also failed to create federal question jurisdiction because

6

the ECOA simply does not apply to the facts pled in the Fourth Amended Complaint. [Doc. 26 at 11.] The Fourth Amended Complaint alleges that Defendant "discriminat[ed] against [him] on the basis of age," in violation of the ECOA, by "[f]ail[ing] to properly consider Plaintiff's age (70 years old at the time of application) in assessing the loan application" and by using "an automated system that did not adequately account for age-related factors in creditworthiness assessment." [Doc. 1-5 ¶ 55.] As Defendant argues, the conduct alleged in this pleading is actually "the antithesis to a claim of discrimination" insofar as the pleading alleges that age-related animus did *not* motivate Defendant's conduct. The statute, therefore, is plainly inapplicable to the conduct alleged. *See Dakari v. Broadview Fed. Credit Union*, No. 3:23-5884-JDA-PJG, 2024 WL 4773156, at *3 (D.S.C. Oct. 3, 2024) ("The ECOA prohibits creditors from discriminating against applicants on the basis of [various characteristics including age] and provides for a civil cause of action for the applicant and liability of the creditor."), *Report and Recommendation adopted by* 2025 WL 716146 (D.S.C. Mar. 5, 2025); *Kemmerlin v. Automaxx of the Carolinas*, No. 2:23-cv-04611-BHH-MGB, 2024 WL 2305496, at *4 (D.S.C. Apr. 26, 2024) ("In short, the plaintiff [in a claim brought under the ECOA] must show that the defendant acted with a discriminatory motive." (internal quotation marks omitted)), *Report and Recommendation adopted by* 2024 WL 2295994 (D.S.C. May 21, 2024). Inclusion of the ECOA claim therefore would have been insufficient to support removal based on federal question jurisdiction.

In sum, the Court concludes that, although the Fourth Amended Complaint purported to assert causes of action based on the TILA and the ECOA, the claims are so implausible that they did not give rise to federal question jurisdiction. *See Steel Co.*,

523 U.S. at 89. Accordingly, the presence of these claims was insufficient to start the running of the 30-day removal clock. Because the Report is based on the opposite conclusion, the Court rejects the Report and recommits this motion and this case to the Magistrate Judge. In so doing, the Court does not address whether any other claims asserted in the Fourth Amended Complaint were sufficient to give rise to federal question jurisdiction and thereby start the 30-day removal clock, nor does the Court address any other issues regarding the timeliness of removal or whether removal was proper even if it was timely.[4]

## **CONCLUSION**

Based upon the foregoing, the Court rejects the Report and Recommendation of the Magistrate Judge [Doc. 18], and Plaintiff's motion to alter or amend [Doc. 36] is DENIED. Plaintiff's motion to remand [Doc. 5] and this case are hereby recommitted to the Magistrate Judge.

s/ Jacquelyn D. Austin
United States District Judge

April 22, 2025
Greenville, South Carolina

---

[4] On March 3, 2025, the Court granted a motion by Defendant to stay a response deadline and held in abeyance Defendant's deadline for filing an opposition to Plaintiff's motion to strike pleadings or enter default judgment pending the Court's resolution of either Defendant's objections to the Report or Defendant's motion to dismiss. [Doc. 33.] Plaintiff has now moved to alter or amend the Court's Text Order. [Doc. 36.] That motion for reconsideration is denied, and the Court extends the stay, such that the Court holds in abeyance the deadlines for filing an opposition to Plaintiff's motion to strike pleadings or enter default judgment [Doc. 31] pending the Court's resolution of either Plaintiff's motion to remand or Defendant's motion to dismiss.