IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Wallace Lindsey Howell *a/k/a Lindsey Howell*, | Case No. 6:24-cv-06280-JDA |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| SoFi Bank, N.A., | |
| Defendant. | |

This matter is before the Court on Plaintiff's motions to remand, his renewed motion to strike and for default judgment, his objections to the Magistrate Judge's rulings on Plaintiff's motions to compel, and Defendant's motion to dismiss. [Docs. 5; 20; 49; 55; 58; 98; *see* Docs. 15; 17; 56; 61; 70; 73; 75.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On June 6, 2025, the Magistrate Judge issued a Report and Recommendation (the "Second Report") recommending that Defendant's motion to dismiss be granted and that Plaintiff's motions to remand and his renewed motion to strike and for default judgment be denied. [Doc. 91.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 40.] On June 20 and July 7, 2025, Plaintiff filed objections to the Second Report and Defendant filed a reply. [Docs. 97; 99.]

Also, on June 4, 2025, Plaintiff filed motions to compel that the Magistrate Judge denied on June 6, 2025. [Docs. 81; 82; 87; 88.] Plaintiff objected to these Orders on June 23, 2025. [Doc. 98.]

All of these motions and objections are ripe for review.

## STANDARD OF REVIEW

Regarding dispositive motions, the Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

Plaintiff filed this action on June 25, 2024, in the Greenville County Court of Common Pleas. [Doc. 1-1.] He filed amended complaints on June 26, July 1, July 9, and July 11, 2024, and Defendant was served with the Fourth Amended Complaint on or about July 22, 2024. [Docs. 1 ¶ 3; 1-2; 1-3; 1-4; 1-5.] That pleading asserted several

causes of action, including, among others, violations of the Truth in Lending Act (the "TILA"), the Equal Credit Opportunity Act (the "ECOA"), and the Fair Credit Reporting Act (the "FCRA"), based on a $9,000 loan from Defendant that Plaintiff applied for through an online application process.  [Doc. 1-5 ¶¶ 4–6, 45–46, 52–55, 61–63.]  On October 24, 2024, Plaintiff's Fifth Amended Complaint was filed in the state court and served on Defendant.  [Docs. 1-9; 1-10 at 68–70; *see* Doc. 18 at 2.]

On October 31, 2024, Defendant filed a notice of removal based on diversity jurisdiction.[1]  [Doc. 1.]  In the notice, Defendant stated that it had recently obtained information through discovery from which it could be ascertained that the jurisdictional amount in controversy requirement for diversity jurisdiction was satisfied.  [*Id.* ¶ 8(e); *see id.* ¶ 5.]

On November 5, 2024, Plaintiff filed a motion to remand (the "First Motion to Remand"), asserting that removal was procedurally defective because it was filed outside the mandatory 30-day period set by 28 U.S.C. § 1446(b)(1).  [Docs. 5; 5-1.] Plaintiff argued that Defendant received the Fifth Amended Complaint on August 30, 2024, and that the Fifth Amended Complaint "explicitly established grounds for federal jurisdiction through multiple claims with quantifiable damages exceeding $75,000." [Doc. 5-1 at 2–3.]  Accordingly, Plaintiff maintained that Defendant had 30 days from August 30, 2024, to remove the case, and thus removal in November 2024 was untimely.  [*Id.* at 2.]  Defendant opposed the motion, arguing that the Fifth Amended

---

[1] The Report states that the notice of removal was filed on November 1, 2024.  [Doc. 18 at 2.]  Plaintiff argues that the notice of removal was filed on November 4, 2024.  [Doc. 5-1 at 2.]  These differences are immaterial to the issues addressed in this Order.

3

Complaint does "not suggest nor imply that the amount in controversy exceeds $75,000." [Doc. 15-1 at 4–5.] Defendant contended that it "had no reason to believe that the amount in controversy could have met or exceeded $75,000 for purposes of diversity jurisdiction until October 30, 2024, when Plaintiff provided [Defendant] the first paper containing any calculation or estimation of his alleged damages." [*Id.* at 5.]

On December 5, 2024, the Magistrate Judge issued a Report recommending remand (the "First Report"). [Doc. 18.] The Magistrate Judge concluded that removal was untimely because removal was more than 30 days after service of the Fourth Amended Complaint that purported to assert TILA and ECOA claims such that Defendant could have invoked federal question jurisdiction. [*Id.* at 6–7.] In reaching that conclusion, the Magistrate Judge added that "Plaintiff's filing of the [Fifth Amended Complaint] does not restart the 30-day clock." [*Id.* at 6 n.6.]

On April 22, 2025, this Court issued an Order declining to accept the First Report and recommitting the case and the First Motion to Remand for further evaluation. [Doc. 40.] The Court specifically concluded that the TILA and ECOA claims in the Fourth Amended Complaint, which the First Report had relied on in determining that there was federal question jurisdiction, were "so implausible that they did not give rise to federal question jurisdiction." [*Id.* at 7–8.] Accordingly, the Court concluded that "the presence of these claims was insufficient to start the running of the 30-day removal clock." [*Id.* at 8.] As the Report was based on the opposite conclusion, the Court rejected the Report and recommitted the motion and this case to the Magistrate Judge. [*Id.*] The Court noted that, in so doing, it was specifically not addressing "whether any other claims asserted in the Fourth Amended Complaint were sufficient to give rise to

4

federal question jurisdiction and thereby start the 30-day removal clock" or "any other issues regarding the timeliness of removal or whether removal was proper even if it was timely." [*Id.*]

On May 1, 2025, Plaintiff filed a renewed motion to strike or enter default judgment, the basis for which is not relevant to the present Order. [Doc. 49.] On May 6 and 7, 2025, Plaintiff also filed two additional motions to remand (the "Second Motion to Remand" and the "Third Motion to Remand"). [Docs. 55; 58.] In the Second and Third Motions to Remand, Plaintiff argues primarily that Defendant failed to register with the South Carolina Secretary of State, which bars Defendant from maintaining a defense in South Carolina courts under South Carolina Code § 33-15-102(b) and thereby precludes the existence of diversity jurisdiction and renders removal improper. [Docs. 55; 58.]

As noted, the Magistrate Judge issued the Second Report on June 6, 2025. [Doc. 91.] In the Second Report, the Magistrate Judge recommends that the First Motion to Remand be denied, concluding that removal was timely because Defendant did not have notice more than 30 days before removal that *diversity* jurisdiction existed. [*Id.* at 9–12.] The Second Report did not address whether any other claims asserted in the Fourth Amended Complaint give rise to *federal question* jurisdiction. The Second Report also recommends, for reasons not relevant to this Order, that the Court deny Plaintiff's Second and Third Motions to Remand and the renewed motion to strike and for entry of default judgment and that the Court grant Defendant's motion to dismiss. [*Id.* at 13–39.]

5

## APPLICABLE LAW

**Removal and Federal Question Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Id.* The federal removal statute provides that a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). It also provides that, with an exception not applicable here,

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has *become removable*.

28 U.S.C. § 1446(b)(3) (emphasis added). Importantly, section 1446(b)(3)'s 30-day clock begins ticking for *all* bases of removal as soon as *any* basis for removal exists. *Pittman v. Quest Diagnostics, Inc.*, No. ELH-15-3093, 2016 WL 540673, at *3–7 (D. Md. Feb. 11, 2016). Accordingly, the ascertainment of a new basis for removal does not re-start the 30-day clock. *Id.*

"A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). This is a "low bar," *PEM Entities LLC v. Cnty. of Franklin*, 57 F.4th 178, 184 (4th Cir. 2023), lower than what is required to withstand a Rule 12(b)(6) motion, *Pecora v. Big M Casino, Inc.*, No. 4:18-cv-01422-RBH, 2019 WL 295839, at *2 (D.S.C. Jan. 23, 2019); *cf. Davis v. Featherstone*, 97 F.3d 734, 737–38 (4th Cir. 1996) (stating, in the ERISA context, that "[a] claim is colorable if it is arguable and nonfrivolous, whether or not it would succeed on the merits"). "Only when a claim asserted under federal law is so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy," do defects in the pleading of a federal claim deprive the court of federal question jurisdiction. *PEM Entities LLC*, 57 F.4th at 184 (cleaned up); *Holloway v. Pagan River Dockside Seafood*, 669 F.3d 448, 453 (4th Cir. 2012) ("If a plaintiff invoking § 1331 pleads a colorable claim arising under the Constitution or laws of the United States, he invokes federal subject matter jurisdiction, and deficiencies of the claim should be addressed by the other mechanisms provided by the federal rules." (internal citation and quotation marks omitted)).

**Liberal Construction of Pro Se Pleadings**

Plaintiff is proceeding pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. The mandated

liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the party proceeding pro se could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the pro se party's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In his objections, Plaintiff argues that the Magistrate Judge erred in concluding that the case was properly removed and should not be remanded to the state court. [Doc. 97.]  The Court agrees for the reason that Defendant removed this action more than 30 days after Defendant was served with the Fourth Amended Complaint, over which this Court possessed federal question jurisdiction.[2]

---

[2] This issue is properly before the Court.  That is so because Plaintiff argues in his objections that the Magistrate Judge erred in concluding that removal was proper and recommending that the case not be remanded.  [*See generally* Doc. 97.]  Plaintiff's objection obligates the Court to conduct a de novo review concerning whether the case should be remanded.  28 U.S.C. § 636(b)(1).  Under such a review, the Court may review removal for any defects.  *See Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004) (concluding that the district court was within its § 1447(c) authority when a plaintiff timely moved for remand but the court remanded for a reason not raised in the motion); *Deweese v. Doran*, No. 3:15-cv-32-J-32JRK, 2015 WL 5772156, at *1 (M.D. Fla. Sept. 30, 2015) ("While a court cannot *sua sponte* remand a case based on a waivable procedural defect, it can order remand based on a procedural defect not raised in a timely-filed motion to remand.").  Moreover, in replying to Defendant's objections to the First Report, Plaintiff has already argued that removal was improper because the Fourth Amended Complaint established federal question jurisdiction more than 30 days before the case was removed.  [Doc. 27.]

8

As noted, one claim asserted in the Fourth Amended Complaint[3] was a claim for violation of the FCRA, *see* 15 U.S.C. § 1681 et seq. [Doc. 1-5 ¶¶ 61–63.] Under the FCRA, a consumer reporting agency creates and provides credit reports. *Roberts v. Carter-Young, Inc.*, 131 F.4th 241, 245 (4th Cir. 2025). The data in these reports comes from furnishers such as banks, credit lenders, and collection agencies. *Id.* "The FCRA requires furnishers to ensure that the information they provide to consumer reporting agencies is accurate." *Id.* A consumer has the option of disputing with such a furnisher what he believes to be an inaccurate or incomplete credit report or the consumer can notify the consumer reporting agency, which in turn is obligated to notify the furnisher of the dispute. *Id.* at 245–46.

If the consumer notifies the consumer reporting agency and the consumer reporting agency, in turn, notifies the furnisher of the dispute, the furnisher must "conduct an investigation with respect to the disputed information," "review all relevant information provided by the consumer reporting agency" concerning the dispute, and "report the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681-2(b)(1)(A)–(C). "If the investigation reveals that the information is incomplete or inaccurate, the furnisher must report those findings to the pertinent credit reporting agencies." *Roberts*, 131 F.4th at 245 (internal quotation marks omitted). And, "if part of the information disputed by the consumer is either (1) found to be inaccurate or incomplete, or (2) cannot be verified after the required reasonable investigation, the furnisher must modify, delete or permanently block the reporting of the information." *Id.*

---

[3] The Fourth Amended Complaint was the first pleading served on Defendant. [Doc. 1 ¶ 2.]

(internal quotation marks omitted).  The FCRA also provides a private right of action when furnishers violate this obligation.[4]  *See* 15 U.S.C. § 1681n(a), 1681*o*.

Liberally construed, the Fourth Amended Complaint alleged the following in support of that claim:  after Plaintiff notified Defendant of concerns about how the loan originated, Defendant responded with a letter dated March 8, 2024, bearing the subject heading "Re: Direct Dispute of Credit Report information and Request for Debt Validation" [Doc. 1-5 ¶ 32]; Plaintiff responded with a letter of his own "objecting to Defendant's attempt to classify his correspondence as a Dispute of Credit Report" [*id.* ¶ 33]; on July 6, 2024, he "discovered that his Equifax credit score had dramatically decreased from 776 to 620 within a span of 6 days, while his TransUnion score remained unchanged" [*id.* ¶ 36]; "[t]he disparity between the Equifax and TransUnion scores, with only the Equifax score showing a decrease, raises questions about the accuracy and consistency of credit reporting related to Plaintiff's account with Defendant" [*id.* ¶ 37]; the "substantial drop in [his] Equifax credit score ha[d] the potential to cause immediate and significant harm to [his] ability to obtain credit, potentially affecting housing, employment, and other financial opportunities" [*id.* ¶ 38]; and that drop indicates that "Defendant failed to provide accurate information" to the credit reporting agencies [*id.* ¶ 63].

---

[4] On the other hand, if the furnisher received notification of the dispute only from the consumer directly, that gives rise to certain obligations on the part of the furnisher, but the FCRA provides no private right of action for any failure by the furnisher to perform those obligations. *Wilson v. Carrington Mortg., S.E.*, No. 2:22-cv-03595-BHH-MHC, 2023 WL 7536168, at *6 (D.S.C. Oct. 23, 2023), *Report and Recommendation adopted by* 2023 WL 7534932 (D.S.C. Nov. 13, 2023); *Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012).

The Court does not believe that Plaintiff's FCRA claim could satisfy the Rule 12(b)(6) standard and survive a motion to dismiss. Plaintiff's allegations are unclear concerning exactly what inaccurate information Defendant allegedly provided, and Plaintiff does not specifically allege that Plaintiff gave notice to a consumer reporting agency of disputed information or that any consumer reporting agency gave notice to Defendant of the dispute. *See McDaniel v. Credit Mgmt. LP,* No. 5:23-cv-408-D, 2024 WL 84704, at *5 (E.D.N.C. Jan. 8, 2024) (holding that a pro se plaintiff failed to state an FCRA claim with no allegation a consumer reporting agency communicated the dispute to the furnisher of information). Nonetheless, as noted, that a pleading fails to state a claim upon which relief can be granted does not deprive the court of federal question jurisdiction unless the "claim asserted under federal law is so insubstantial, implausible, foreclosed by prior decisions of the Supreme Court, or otherwise completely devoid of merit as not to involve a federal controversy," *Pem Entities LLC*, 57 F.4th at 184 (cleaned up), which is a lower bar than the Rule 12(b)(6) standard, *Pecora*, 2019 WL 295839, at *2 (internal quotation marks omitted).

Here, the Court concludes that pro se Plaintiff's allegations in the Fourth Amended Complaint were sufficient—albeit barely so—to clear the "low bar" necessary to give rise to a federal controversy. *Cf. PEM Entities*, 57 F.4th at 184 (holding that despite "various deficiencies" in the plaintiff's allegations concerning its equal protection claim, those were "problems with the *merits* of [the plaintiff's] claim and the *sufficiency* of the allegations [the plaintiff] made in support of it" and did not deprive the court of federal question jurisdiction). Accordingly, the 30-day removal clock was triggered when Defendant was served with the Fourth Amended Complaint, the 30-day period

11

expired before Defendant filed its notice of removal, and removal was therefore untimely.

The Court therefore grants Plaintiff's motions to remand[5] and finds as moot his objections to the Magistrate Judge's rulings on Plaintiff's motion to compel.[6]

## **CONCLUSION**

Based upon the foregoing, the Court rejects the Report and Recommendation of the Magistrate Judge [Doc. 91], and Plaintiff's motions to remand [Docs. 5; 55; 58] are GRANTED. Plaintiff's objection to the Magistrate Judge's rulings on his motions to compel [Doc. 98] is FOUND AS MOOT. This matter is therefore REMANDED to the Greenville County Court of Common Pleas along with the other pending motions.

s/ Jacquelyn D. Austin
United States District Judge

September 26, 2025
Greenville, South Carolina

---

[5] Although, as noted, Plaintiff filed three separate motions to remand [Docs. 5; 55; 58], the Court treats them as one motion raising multiple bases for remand. *Cf. Tenn. Gas Pipeline Co. v. Continental Cas. Co.*, 814 F. Supp. 1302, 1311 (M.D. La. 1993) (granting a timely filed motion to remand on a basis that was raised in briefs filed while the motion to remand was pending).

[6] The Court notes that Plaintiff has argued in his Second and Third Motions to Remand that this Court lacks subject matter jurisdiction over this case. [*See generally* Docs. 55; 58.] The Court disagrees with this contention for the reasons explained by the Magistrate Judge. [Doc. 91 at 13–18.]